IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

WILLIAM HOWARD ADKINS and
MARRIAN A. ADKINS

    **Plaintiffs,**

v.                                                  CIVIL ACTION NO. 3:13-cv-32123

CMH HOMES, INC. d/b/a FREEDOM
HOMES, VANDERBILT MORTGAGE
AND FINANCE, INC., and
JOHN DOE HOLDER,

    **Defendants.**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' JOINT MOTION TO STRIKE JURY DEMAND

Plaintiffs assert three causes of action in this suit, which all revolve around a single set of intertwined facts. Plaintiffs' fraud claim, Count II, is equitable in nature and Plaintiffs do not seek a jury determination for this claim. However, Plaintiffs' Count I involves questions for the jury regarding the actual damages suffered by Plaintiffs. Additionally, Plaintiffs' Count III involves questions of fact which are clearly triable by jury. Accordingly, to avoid duplication and to promote judicial economy, it is appropriate for Plaintiffs to present their case to the jury, while reserving final decision making authority for the Court where appropriate, as more fully described below.

**Count I-Unconscionable Inducement**

Plaintiffs agree with Defendants that the ultimate decision regarding Defendants' liability for unconscionable inducement or unconscionable contract is a question of law to be resolved by the Court. However, in addition to the relief to be provided by the Court as outlined in section 46A-2-

121 of the West Virginia Code, the West Virginia Consumer Credit Act provides that actual damages may also be recovered from Defendants. W. Va. Code § 46A-5-101(1). The amount of actual damages is a jury question. See, e.g., Realmark Developments, Inc. v. Ranson, 588 S.E.2d 150, 153 (W. Va. 2003). The evidence supporting the claim for unconscionable inducement is also relevant to Plaintiff's joint venture claim (Count III), as an overlap of evidence common to the two claims exists. Furthermore, in order to avoid duplication of effort, it is routine for courts to hear the evidence on an unconscionable inducement claim at the same time as the jury, and on the verdict form obtain an advisory opinion from the jury on liability as well as an award for actual damages in the event that the court finds for the plaintiff. Otherwise, the Court would be required to allow the evidence before the jury as it relates to Plaintiffs' joint venture claim, then allow a second trial on unconscionability itself before the Court alone, and then bring the jury back in to hear evidence on damages. This effort would be wasteful and unnecessary.

In sum, Plaintiff does not make a jury demand as to liability or the civil penalty award for Count I. However, Plaintiff's jury demand as to actual damages for this claim is appropriate.

**Count III-Joint Venture**

Plaintiffs' Count III alleges the Defendants were engaged in a joint venture. Plaintiffs' Count III requires factual findings and Plaintiffs' are entitled for a jury determination pursuant to their jury demand and the Seventh Amendment to the U.S. Constitution. The Seventh Amendment provides that the right to trial by jury shall be preserved in "suits at common law." U.S. Const. amend. VII. The phrase "suits at common law" has been consistently interpreted by the U.S. Supreme Court "to refer to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (internal quotations omitted). Plaintiffs' joint venture claim is such a claim in which legal

rights will be ascertained. Accordingly, Plaintiffs' jury demand for this claim is appropriate.

## CONCLUSION

In sum, a jury trial is appropriate in this case as to (1) actual damages for Plaintiffs' claim for unconscionable inducement (Count I) and (2) a factual determination of Plaintiffs' claim for joint venture (Count III).

                                                Plaintiffs **WILLIAM HOWARD ADKINS and MARRIAN A. ADKINS,**
By Counsel:

/s/ Colten L. Fleu
Colten L. Fleu (State Bar ID No. 12079)
MOUNTAIN STATE JUSTICE, INC.
321 W Main Street, Suite 401
Clarksburg, WV 26301
Telephone: (304) 326-0188
Facsimile: (304) 326-0189

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

WILLIAM HOWARD ADKINS and
MARRIAN A. ADKINS

    Plaintiffs,

v.                                         CIVIL ACTION NO. 3:13-cv-32123

CMH HOMES, INC. d/b/a FREEDOM
HOMES, VANDERBILT MORTGAGE
AND FINANCE, INC., and
JOHN DOE HOLDER,

    Defendants.

## CERTIFICATE OF SERVICE

        I, Colten L. Fleu, counsel for the Plaintiffs, hereby certify that on the 5th day of March, 2015, I electronically filed the foregoing ***Plaintiff's Response in Opposition to Defendants' Motion In Strike Jury Demand*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Carrie Goodwin Fenwick, Esq.
Joseph M. Ward, Esq.
Victoria Wilson, Esq.
Elise Nicole McQuain, Esq.
GOODWIN & GOODWIN, LLP

Edward S. Sledge, IV, Esq.
J. Riley Key, Esq.
BRADLEY ARANT BOULT CUMMINGS, LLP
Counsel for CMH Homes, Inc.

Carrie Goodwin Fenwick, Esq.
Joseph M. Ward, Esq.
Victoria Wilson, Esq.
Elise Nicole McQuain, Esq.

GOODWIN & GOODWIN, LLP
Counsel for Vanderbilt Mortgage and Finance, Inc.

      /s/ Colten L. Fleu
Colten L. Fleu (State Bar ID No. 12079)